UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
(973) 538-4006
(973) 538-5146 Facsimile
Warren J. Martin Jr., Esq.
Michael J. Naporano, Esq.
Kelly D. Curtin, Esq.
Rachel A. Parisi, Esq.
wjmartin@pbnlaw.com
mjnaporano@pbnlaw.com
kdcurtin@pbnlaw.com
raparisi@pbnlaw.com

*Proposed Counsel to Debtors*

In re:

E Z MAILING SERVICES INC., *et al*.,

　　　　　　Debtor.

Case No.: 16-10615

(Joint Administration Pending)

Chapter: 11

In re:

UNITED BUSINESS FREIGHT FORWARDERS LIMITED LIABILITY COMPANY,

　　　　　　Debtor.

Case No.: 16-

(Joint Administration Pending)

Chapter: 11

**Hearing Date and Time:**
**January _____, 2016, at ___:___ __.m.**

**MEMORANDUM OF LAW IN SUPPORT OF DEBTORS' MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

　　　E Z Mailing Services Inc. ("EZ") and United Business Freight Forwarders Limited Liability Company ("UBFF"; together with EZ, the "Debtors")[1], by and through their proposed

---

[1] The Debtors in these Chapter 11 cases (joint administration pending) are (i) E Z Mailing Services, Inc. d/b/a E Z Worldwide Express and United Business Xpress, and (ii) United Business Freight Forwarders Limited Liability Company.

3261713

undersigned counsel, hereby submit this memorandum of law in support of the motion (the "Motion") pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, as amended (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, in substantially the form attached hereto, directing joint administration of their related chapter 11 cases. In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is section 105 of the Bankruptcy Code.

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Court").

5. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases (the "Chapter 11 Cases") and, as of the date of the filing of the Motion, no official committees have been appointed or designated.

6. A detailed description of the Debtors' business and the facts precipitating the filing of the Debtors' chapter 11 cases is set forth in the Affidavit of Ajay Aggarwal in Support of the

Debtors' "First Day Motions" (the "Aggarwal Affidavit") filed concurrently herewith and incorporated by reference.

**RELIEF REQUESTED**

7. By the Motion, the Debtors seek the joint administration of these Chapter 11 Cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases. The Debtors propose to designate the chapter 11 case of EZ as the main bankruptcy case.

8. Accordingly, the Debtors request that the cases be administered under the following consolidated caption:

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>E Z MAILING SERVICES INC., *et al.*,[1]<br><br>Debtors. | Case No.: 16-10615<br><br>(Jointly Administered)<br><br>Chapter: 11 |

9. The Debtors also request that a docket entry, substantially similar to the following, be entered on the dockets of the Chapter 11 Cases of EZ and UBFF to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the Chapter 11 Cases of E Z Mailing Services Inc. and United Business Freight Forwarders Limited Liability Company. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 16-10615.

10. Each of the Debtors will file monthly operating reports as required by the United States Trustee Operating Guidelines, but such reports will be filed in the lead case (Case No. 16-10615) rather than in each of the Debtors' individual cases.

---

[1] The Debtors in these Chapter 11 cases are (i) E Z Mailing Services, Inc. d/b/a E Z Worldwide Express and United Business Xpress, and (ii) United Business Freight Forwarders Limited Liability Company.

3

11.     The Debtors also request that the Court's order require that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against which such claim is asserted and not in the jointly administered case.

### BASIS FOR RELIEF

12.     Rule 1015(b) of the Bankruptcy Rules provides that "[i]f a joint petition of two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors in these cases are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

13.     Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein. Specifically, section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

14.     Joint administration orders in multiple related cases is common and Rule 1015 of the Bankruptcy Rules promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See, e.g., In re 710 Long Ridge Road Operating Company II, LLC, et. al.,* Case No. 13-13653 (DHS) (Bankr. D.N.J. Feb. 27, 2013); *See also, In re Fedders North Americas Inc., et. al.,* Case No. 07-11176 (BLS) (Bankr. D. De. Aug. 23, 2007); *In re N.S. Garrott & Sons,* 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Hemingway Transp.,* 954 F.2d 1, 11 (1st Cir. 1992).

15.     These cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, and orders, and thereby save considerable time and expense for the Debtors and their estates.

16.     The Debtors anticipate that numerous notices, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in the filing and service of numerous duplicative

pleadings. Such duplication of substantially identical documents would be extremely wasteful.

17. Joint administration will permit the Clerk to use a single general docket for all of the Debtors' cases and to combine notices to creditors of each Debtor's estate and other parties-in-interest. Joint administration will also protect parties-in-interest by ensuring that parties-in-interest in each chapter 11 case will be apprised of the various matters before the Court in the other cases.

18. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these cases because each creditor may still file its claim against a particular Debtor. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

19. The Debtors also submit that supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee will be simplified if the cases are jointly administered as requested herein.

## **NOTICE**

20. By separate application filed simultaneously herewith, the Debtors have requested that the Court shorten the notice period and grant an expedited interim hearing on the Motion and other "first day motions."

21. Notice of the Motion has been provided to: (i) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100, Newark, NJ 07102; (ii) counsel for PNC Bank, National Association, c/o McCarter & English (Attn: Lisa Bonsall, Esq.), Four Gateway Center, 100 Mulberry St., Newark, NJ 07102; (iii) Secured Creditors; (iv) the Internal Revenue Service, 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016 (overnight mail address); (v) the New Jersey Division of Taxation Compliance and Enforcement Bankruptcy Unit, 50 Barrack Street, 9th Floor, Trenton, NJ 08695; (vi) the Office of the Attorney General of the State of New Jersey, Division of Law, Richard J. Hughes Justice

3261713

Complex, 25 Market Street, Trenton, NJ 08625; (vii) the Office of the United States Attorney, Peter Rodino Federal Building, 970 Broad Street, Suite 700, Newark, NJ 07102; (viii) the United States Attorney General, United States Department of Justice, Ben Franklin Station, P.O. Box 683, Washington, DC 20044; (ix) the Debtors' twenty largest unsecured creditors; and (x) those parties who have filed a notice of appearance and request for service of pleadings in these Chapter 11 Cases pursuant to Fed. R. Bankr. P. 2002.  The Debtors believe that such notice to such parties is reasonably calculated to inform creditors regarding the emergency relief that is being requested and is sufficient under the circumstances.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request the entry of an order, in substantially the form submitted herewith, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: January 13, 2016					Respectfully submitted,

						**PORZIO, BROMBERG & NEWMAN, P.C.**
						*Proposed Counsel to the Debtors*

						By: */s/ Warren J. Martin Jr.*
						       Warren J. Martin Jr.

3261713